**Margie EVANS et al.**

v.

**BRANIFF AIRWAYS, INC., and the Air Line Pilots Association, International.**

**No. CA 3–74–908–C.**

United States District Court,
N. D. Texas,
Dallas Division.

March 8, 1976.

J. Raymond Needham, Houston, Tex., Kilgore & Kilgore, Wilmer D. Masterson, III, Dallas, Tex., for plaintiffs.

William H. Lemons, III, and Amos Moses, Dallas, Tex., for Braniff.

Daniel M. Katz, Legal Dept., ALPA, Internat'l., Washington, D. C., and L. N. D. Wells, Jr., Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., for ALPA.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

### I.  *Facts*

The defendant Air Line Pilots Association, International, (ALPA) is the duly certified bargaining agent for two separate classes of the defendant Braniff Airways, Inc., (Braniff) employees. These separate classes or crafts are the line-flight attendants and the line-pilots. Flight attendants and pilots occupying supervisory positions are specifically excluded from these bargaining units.

With respect to both the attendant and pilot bargaining units, ALPA and Braniff have negotiated as to seniority structures and the concomitant rights accorded individual craft members. Under the collective bargaining agreements only rank-and-file craft members accrue rank-and-file seniority. The agreements also provide seniority protection for those members—be they attendants or pilots—who leave the represented classes and then return. Attendants and pilots who are promoted to supervisory positions from positions within the ALPA-represented units retain their respective positions on the rank-and-file seniority lists for their use in the event that they are required to resume employment in the unit.

Supervisory attendant and pilot personnel are selected from either of two sources: (1) line personnel, i. e., members of the attendants' or pilots' ALPA-represented unions, or (2) "off the street." Upon ascension to the supervisory ranks, the former line attendants and pilots are no longer represented by ALPA, but the collective bargaining agreements do protect any previously earned seniority rights in the event of a demotion. Supervisors who are hired "off the street" and from without the ALPA-bargaining units are accorded neither seniority status nor accrued seniority protection. The flight attendant unit is almost entirely female, and supervisory personnel are hired *both* "from the line" and "off the street." The pilot craft is almost exclusively male, and pilot supervisors are *all* former line personnel.

The plaintiffs, four supervisory flight attendants who were all hired "off the street" without any accrued seniority under the ALPA–Braniff contract, bring the instant action seeking an injunction requiring ALPA and Braniff to award them a place on the Braniff Flight Attendant System Seniority List. The plaintiffs' First Amended Complaint is bottomed on two theories. First, the plaintiffs assert that their absence from the flight attendants' seniority list constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Secondly, ALPA is charged to have violated its "duty of fair representation" allegedly owed to these plaintiffs by negotiating the aforementioned seniority agreements on behalf of the Braniff Flight Attendants. *See Steele v. Louisville & Nashville Railroad Co.,* 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944).

This matter came to be considered on the defendants' motions for summary judgment, and the Court, having considered these motions and the accompanying memoranda and argument, has concluded that the motions shall be sustained.

### II.  *The Duty of Fair Representation*

A threshold obstacle to this theory of relief is the question of the plaintiffs' standing to raise ALPA's duty of fair representation. More precisely, does ALPA owe the duty of fair representation to these supervisory personnel? As stated above, ALPA represents *only* Braniff's line flight attendants and it does *not* represent flight attendant supervisors. The plaintiffs, who are super-

visory personnel initially hired "off the street," have never worked in the represented class or craft, and ALPA has never served as their exclusive bargaining agent.

■ The duty of fair representation was held "to impose on the bargaining representative of a craft or class of employees the duty to exercise fairly the power conferred upon it in behalf of all those for whom it acts, without hostile discrimination against them." *Steele v. Louisville & Nashville Railroad Co., supra* at 202, 203, 65 S.Ct. at 232, 89 L.Ed. at 183. Further, "an exclusive bargaining agent under the Railway Labor Act is obligated to represent all employees *in the bargaining unit* fairly and without discrimination because of race." (Emphasis mine.) *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Supreme Court has recently added that "[the duty of fair representation] obviously does not require a union affirmatively to represent non-bargaining unit members or to take into account their interests in making bona fide economic decisions in behalf of those whom it does represent." *Chemical Workers v. Pittsburgh Glass,* 404 U.S. 157, 181 n.20, 92 S.Ct. 383, 398, 30 L.Ed.2d 341, 359 (1971). These pronouncements lead to the conclusion that a collective bargaining representative owes a duty of fair representation *only* to those whom they represent. As plaintiffs were without the ALPA-represented class or craft they are not a proper beneficiary of the duty of fair representation. The union's duty inures only to those whom it represents.[1] Accordingly, the "fair representation" counts must be dismissed.

### III. *Title VII Sex Discrimination*

■ Title VII makes it unlawful for an employer or a labor organization to discriminate as to employment on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2. The plaintiffs contend that they are the victims of proscribed sex discrimination because ALPA has negotiated more favorable seniority arrangements for the male pilot supervisors than for the predominately female flight attendant supervisors.[2]

This allegation of favoritism or discrimination is difficult to reconcile with the fact that *both* the pilot contract and the attendant contract afford protection to the accrued seniority of rank-and-file employees—*regardless* of their sex—in the event of their promotion to a supervisory position. The plaintiffs' First Amended Complaint itself acknowledges this fact.[3] Thus *both* pilots and flight

1. ALPA alternatively contends that plaintiffs have failed to state a cause of action because neither their pleadings nor their memoranda opposing defendant ALPA's motion raise an inference or indication of fraud, deceit, malice, or bad faith on behalf of ALPA. ALPA contends that any disparate treatment of craft members which amounts to a breach of the duty of fair representation must be improperly motivated, and to state a cause of action the plaintiff must show arbitrary or bad faith conduct on the part of the union. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964). At this phase of the lawsuit the Court expresses no decision as to the issue presented by this contention.

2. Plaintiffs' First Amended Complaint:
" * * * *

24. As described in paragraph 8 and 9 above, ALPA has negotiated collective bargaining Agreements in behalf of the male pilot group which provide more favorable seniority arrangements for male pilot supervisors than the collective bargaining Agreements which ALPA has negotiated for the almost wholly female flight attendant group provide for female flight hostess supervisors. No justification for such differentiation in seniority arrangements exists other than the fact that male pilots make up a substantially larger and more influential group within ALPA than do female flight attendants.
* * * *"

3. " * * * *

8. Under the terms of the collective bargaining Agreement negotiated between Braniff and ALPA and in effect for the class and craft of flight attendants at the time Plaintiffs filed the Charges of discrimination with the Equal Employment Opportunity Commission (the "Commission") which are the basis of this First Amended Complaint, flight hostesses

attendants who are promoted to supervisor, but only those promoted from the line, retain their earned line seniority. The seniority protection provisions do not differentiate amongst employees according to an employee's sex. On the contrary, both line pilots and line flight attendants are covered by similar seniority provisions regardless of their sex.

The real source of the plaintiffs' dissatisfaction derives from the fact that ALPA has negotiated an agreement with Braniff which limits eligibility for the position of pilot supervisor to those previously employed as pilots, i. e. "Line pilots," while leaving Braniff free to hire its flight attendant supervisors from the "line attendants" or "off the street." The Court is at a loss to discern just how this arrangement discriminates against the plaintiffs or other attendant supervisors hired "off the street." Indeed, but for this arrangement the plaintiffs would not have been hired. As the plaintiffs were hired "off the street" they have no accrued seniority, earned while employed in an ALPA-represented position, to protect. And, as supervisory personnel plaintiffs are neither represented by ALPA nor entitled to a place on its attendant seniority list. Most importantly, plaintiffs' dilemma with the

supervisor entry schemes and complementary seniority arrangement is shared by *male* flight attendant supervisors who also were hired "off the street." This contradicts the claim that plaintiffs' ineligibility for line seniority was a consequence of sex discrimination.

The defendants' motions for summary judgment will be granted. Defendants' attorneys are requested to prepare and submit appropriate order.

---

who subsequently became supervisors were permitted to retain all accumulated flight hostess seniority as well as to continue to accrue flight hostess seniority during their service as supervisors. The Agreement further provided that such supervisors could return to service as flight hostesses at any time and exercise their total accumulated seniority. ·Subsequently, after the filing of the Charges and the issuance of a Determination by the Commission finding good cause to believe the Plaintiffs had been discriminated against, a new collective bargaining Agreement for the flight hostess class and craft was concluded between Braniff and ALPA, such Agreement modifying the above-described situation in that supervisors can no longer accrue seniority while working in supervisory capacities, but are limited to retaining such seniority as they have already accrued. However, under neither agreement are those flight hostess supervisors not initially classified as flight attendants, including all four Plaintiffs, afforded any seniority rights whatsoever.

9. Separate collective bargaining Agreements have existed during the same period between ALPA and Braniff for the class and craft of pilots, all of whom were until very recently male. Subsequent to the Charges described above and the issuance of the Determination by the Commission, Braniff has hired a single female pilot. These Agreements covering the class and craft of pilots contain similar provisions to those described above as applying to flight hostesses, provisions allowing pilot supervisors, all of whom are male and all of whom work when needed as regular pilots and were initially classified as regular line pilots for various periods, to retain and accrue seniority through their service as supervisors. In effect, therefore, ALPA and Braniff have by agreement provided one seniority system granting seniority rights to all the male pilot supervisor group and have by separate agreement provided a different seniority system granting seniority rights to only some of the virtually all *female* flight attendant supervisor group.
* * * " (Emphasis mine.)